## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | Civil Action No. 1:23-cv-04293-JPB |
| v. | |
| WASTE INDUSTRIES U.S.A., LLC, TRANSWASTE SERVICES, LLC, WASTE INDUSTRIES ATLANTA, LLC, and GFL ENVIRONMENTAL, INC., | |
| Defendants. | |

## DEFENDANTS' OBJECTIONS TO MAGISTRATE REPORT AND RECOMMENDATION

Defendants Waste Industries U.S.A. LLC ("WI USA"), TransWaste Services, LLC ("TransWaste"), Waste Industries Atlanta, LLC ("WI Atlanta"), and GFL Environmental, Inc. ("GFL") (collectively, "Defendants"), by and through their undersigned counsel and pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 72.1(E), respectfully submit the following objections to the Non-Final Report and Recommendation of Magistrate Judge J. Elizabeth McBath entered on May 28, 2024 ("Report and Recommendation") recommending that Defendants' Motion to Dismiss Plaintiffs' Pattern or Practice Claims and Improperly Named Defendants ("Motion to Dismiss") be denied. (Dkt. No. 28).

## INTRODUCTION

Plaintiff's First Amended Complaint ("FAC") fails to plead facts sufficient to state a plausible pattern or practice claim of sex discrimination against Defendants. The U.S. Equal Employment Opportunity Commission's ("EEOC") claims stem from an *individual* charge of sex discrimination filed on October 15, 2018, by Christine Ladd based on her alleged failure to be hired at a single location in Stockbridge, Georgia operated by a lone defendant, WI Atlanta. Yet, the EEOC improperly attempts to expand an individual charge of discrimination against a single entity into a purported "pattern or practice" suit against four distinct defendants on behalf of an unidentifiable class of female job applicants who allegedly applied for unidentified driver positions at several unidentified branch locations. The EEOC further attempts to improperly expand the scope of its claims against Defendants by seeking relief for a "class" of women dating back to "at least January 1, 2016." (*See* Dkt. No. 13, ¶ 71). Relying solely on Ms. Ladd's *individual* charge filed on October 15, 2018, there is simply no legitimate justification for the EEOC's attempt to now bring such an expansive purported "pattern or practice" suit against Defendants.

Defendants respectfully submit that the Magistrate Judge committed clear error and acted contrary to well-established law by recommending the wholesale denial of Defendants' Motion to Dismiss. While Defendants do not concede or

otherwise waive their objections to other portions of Magistrate Judge J. Elizabeth McBath's Report and Recommendation, and request that the Court decline to adopt the Report and Recommendation and, instead, grant Defendants' Motion to Dismiss in its entirety, Defendants specifically object here to clear errors regarding two specific conclusions of the Magistrate Judge related to: (1) the proper statute of limitations and application of the continuing violation doctrine to the same; and (2) Defendant GFL as a proper party to this litigation. Accordingly, Defendants respectfully request that this Court not adopt the Magistrate's Non-Final Report and Recommendation and, at a minimum, grant the portions of Defendants' Motion to Dismiss seeking to limit the applicable limitations period to the period beginning October 27, 2018, and seeking the dismissal of Defendant GFL.

## **RELEVANT FACTUAL BACKGROUND**

On October 15, 2018, Christine Ladd filed an individual Charge of Discrimination (the "Charge") alleging discrimination based on her sex after Defendant WI Atlanta did not hire her for a Front Load Driver position at its location in Stockbridge, Georgia. (Dkt. No. 16-1, p. 6). Six months later, on April 25, 2019, after a position statement was filed and without any further explanation from the EEOC's Atlanta District Office, the EEOC notified Defendant WI USA for the first time that it was expanding its investigation to include the possibility that a class of

individuals were affected by Defendant WI USA's policies and practices from at least January 1, 2016 to the present. *Id.* at pp. 6–7.

For nearly three years (from April 25, 2019 to February 23, 2022), the EEOC conducted an investigation regarding the Charge. *Id.* at p. 7. On February 23, 2022, the EEOC issued a "Determination" to Defendant WI USA, as well as Defendants TransWaste and WI Atlanta (neither of which were named in Ms. Ladd's Charge). *Id.* The EEOC then engaged in conciliation discussions with Defendants WI USA, TransWaste and WI Atlanta, but abruptly ended conciliation and issued a Notice of Failure to Conciliation on September 23, 2022. *Id.* at p. 8; Dkt. No. 13, ¶ 30–32. Almost one year later, on September 22, 2023, the EEOC filed its Complaint against Defendants WI USA, TransWaste and WI Atlanta, as well as Defendant GFL, alleging they "engaged in a pattern or practice of unlawful discrimination by denying female job applicants truck driver positions at its facilities on the basis of their sex in violation of Title VII." (Dkt. No. 16-1, p. 8; Dkt. 1, pp. 1–2; *see also* Dkt. No. 13, pp. 1–2).

On December 11, 2023, Defendants filed their Motion to Dismiss. (Dkt. No. 16). In their Motion, Defendants sought the following: (1) dismissal of Plaintiff's pattern or practice claims with prejudice for failure to state plausible claims for relief; (2) to the extent Plaintiff's pattern or practice claims were dismissed *without* prejudice, limited discovery related to the factual basis for the Plaintiff's class-based

allegations prior to consideration of an amended complaint by Plaintiff; (3) limitation of the temporal scope of any surviving pattern or practice claims to the time period on or after October 27, 2018; and (4) dismissal of Defendants Waste Industries U.S.A., LLC, TransWaste Services, LLC, and GFL Environmental, Inc. with prejudice because Plaintiff failed to allege sufficient facts to support a claim against each Defendant and because only Defendant Waste Industries Atlanta, LLC operated and employed individuals at the Stockbridge, Georgia location where Ms. Ladd applied for a Front Load Driver position. *Id.* at pp. 1–2.

On May 24, 2024, the Parties filed a Joint Motion for Temporary Stay of Litigation to Attend Private Mediation ("Joint Motion to Stay"). (Dkt. No. 26). On May 28, 2024, the Parties' Joint Motion to Stay was granted in part and denied in part. (Dkt. No. 27). The Parties will participate in private mediation with Mediator Linda Singer on August 5, 2024.

Also on May 28, 2024, Magistrate Judge J. Elizabeth McBath issued a Non-Final Report and Recommendation recommending the denial of Defendants' Motion to Dismiss in its entirety.  (*See* Dkt. No. 28). In the Non-Final Report and Recommendation, Magistrate Judge McBath determined the EEOC had alleged sufficient facts that, if true, could demonstrate all four Defendants operated as a single entity and were, therefore, proper parties to this litigation. *Id.* at pp. 6–8. Magistrate Judge McBath further determined that though the statute of limitations

on the EEOC's claims properly only began to run on October 27, 2018 (180 days prior to Defendant WI USA's receipt of the Notice of Expansion), the EEOC's pattern and practice claims prior to that date were saved from dismissal by the application of the continuing violation doctrine. *Id.* at pp. 13–23. In reaching these conclusions, the Magistrate Judge rejected Defendants' arguments addressing the plain language of Title VII and did not address the fact that GFL is not a proper party because it was not named in any pre-suit EEOC proceedings or correspondence.

## ARGUMENT AND CITATION TO AUTHORITY

Objections to a Magistrate Judge's Non-Final Report and Recommendation are reviewed *de novo*. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C). The Court should "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990). After review, the Court may accept, reject or modify the Magistrate Judge's findings and recommendations. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C).

**I.  The Report and Recommendation Erroneously Concluded That The Continuing Violation Doctrine Applies To The EEOC's Pattern and Practice Claims.**

While the Magistrate Judge correctly found that the EEOC is bound by the 180-day statute of limitations set forth in 42 U.S.C. § 2000e-5(e) pursuant to the plain language of 42 U.S.C. §2000e-5(e), the court erred in concluding the

6

continuing violation doctrine saved the EEOC's pattern and practice claims prior to October 27, 2018 from dismissal.

Contrary to the findings of the Magistrate Judge, the U.S. Supreme Court in *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002) clearly distinguished between discrete acts of alleged discrimination and cases of alleged harassment, and found that the continuing violation does not apply to discrete acts like the refusals to hire alleged in the instant case. *Id.* at 114–115, 122 (distinguishing discrete actions from hostile work environment claims, and concluding that "a Title VII plaintiff raising claims of discrete discrimination . . . must file his charge within the appropriate time period—180 or 300 days—set forth in 42 U.S.C. § 2000e-5(e)(1)."). Moreover, this Court and others within the Eleventh Circuit have consistently held that the continuing violation doctrine does not apply to discrete acts of discrimination. *See, e.g., Holland v. Dep't of Health and Human Services*, 51 F. Supp. 3d 1357, 1376 (N.D. Ga. 2014) ("The continuing violation theory, however, is not applicable to [cases in which plaintiffs allege] discrete act[s] of discrimination.") citing *McCann v. Tillman*, 526 F.3d 1370, 1379 (11th Cir. 2008); *Mitchell v. WellStar Health System Inc.*, 2021 WL 11722979, at *8 (N.D. Ga. Aug. 31, 2021) (continuing violation doctrine not applicable to discrete acts of alleged discriminatory conduct or retaliation); *EEOC v. Army Sustainment, LLC*, 2023 WL 6276341, at *6 (M.D. Ala. Sept. 26, 2023) ("The continuing violation doctrine does

not apply to untimely claims of discrete acts, 'even when they are related to acts alleged in timely filed charges.'") quoting *Morgan*. 536 U.S. at 113; *see also EEOC v. Princeton Healthcare Sys.*, 2012 WL 5185030, at *4 (D.N.J. Oct. 18, 2012) (explaining that a Section 707 action alleging "a sort of serial violation involving discrete acts does not convert related discrete acts into a single unlawful practice for purposes of timely filing" because discrete acts "cannot be linked together to create a continuing violation.") citing *EEOC v. Bloomberg L.P.*, 751 F. Supp. 2d 628, 647 (S.D.N.Y. 2010).

Further, the application of the continuing violation doctrine to extend the limitations period here – as the Magistrate Judge recommends – is inconsistent with the plain language of Title VII. In analogous situations, numerous courts (including the U.S. Supreme Court) have looked at the plain meaning of the express language of Title VII when interpreting the rights and obligations under the statute. *See, e.g., Mach Mining, LLC v. EEOC*, 135 S. Ct. 1645, 1653–56 (2015) (applying the express terms of Title VII and refusing to read in a "good faith" requirement regarding the EEOC's conciliation obligations); *Muldrow v City of St. Louis*, 144 S. Ct. 967, 974 (2024) (rejecting an interpretation of Title VII that a plaintiff is required to show an allegedly discriminatory act result in an injury that is "significant . . . serious, or substantial, or any similar adjective" because "the text of Title VII imposes no such requirement."); *EEOC v. CVS Pharmacy, Inc.*, 809 F.3d 335, 342 (7th Cir. 2015)

(rejecting the EEOC's view that conciliation requirement did not apply in certain circumstances because such an interpretation "reads the conciliation requirement out of the statute."). Here, nothing in the statutory language of Title VII supports the Magistrate Judge's conclusion that the continuing violation doctrine should apply. Instead, under the plain language of the statute, Section 706's limitation period expressly applies to claims under both Sections 706 and 707. *See* 42 U.S.C. § 2000e-6(e) (stating that "[a]ll such actions [i.e., all Section 707 actions] shall be conducted in accordance with the procedures set forth in section 2000e-5 [i.e., Section 706]" without exempting Section 706's litigation period); *see also EEOC v. Sears, Roebuck and Co.*, 490 F. Supp. 1245 (M.D. Ala. 1980) (holding that the statute of limitations period in Section 706 applies to claims by the EEOC under Section 707); *EEOC v. Army Sustainment, LLC*, 2023 WL 6276341, at *6 (M.D. Ala. Sept. 26, 2023).

Finally, while the Magistrate Judge acknowledges that the failure to hire is a discrete act, the court speculates that the continuing violation doctrine should nonetheless apply here because over time individual discrete acts could "become a company's pattern or practice." (Dkt. No. 28). Such speculation, however, is not only without foundation but would impermissibly allow the EEOC to salvage claims that are indisputably untimely (as the Magistrate Judge's analysis on pages 13 to 17 of the Report and Recommendation makes clear) and dramatically expand the scope

this action by adding new individuals it seeks to include as members of a putative class. *EEOC v. Global Horizons, Inc.*, 2014 WL 800597, at *11 (D. Haw. Feb. 28, 2014) (300-day charge-filing limitation applied to EEOC's § 706 and § 707 claims); *EEOC v. Bass Pro Outdoor World, LLC*, 884 F. Supp. 2d 499, 509 (S.D. Tex. 2012) (concluding that the 300-day limitations period set forth § 2000e-5(e) applies to EEOC pattern or practice claims brought pursuant to § 706 and § 707); *EEOC v. Bloomberg L.P.*, 751 F. Supp. 2d 628, 646 (S.D.N.Y. 2010), decision clarified on reconsideration (Dec. 2, 2010) ("The EEOC may not, at least in a case alleging discrete unlawful acts, seek relief for individuals who were not subject to an unlawful employment practice some time during the 300 days preceding the filing of the triggering charge."); *EEOC v. Discovering Hidden Hawaii Tours, Inc.*, 2017 WL 4202156, at *5-6 (D. Haw. Sept. 21, 2017) ("Recent district court decisions agree that Section 706 limits the class of employees on whose behalf the EEOC may seek relief to those individuals who were allegedly subjected to unlawful employment practices during the 300 days before the date of the initial Charge") (listing cases); *EEOC v. FAPS, Inc.*, 2014 WL 4798802, at *24 (D. N.J. Sept. 26, 2014) ("The plain language of Section 706(e)(1) clearly precludes the EEOC from seeking relief for individuals who could not have filed an EEOC charge during the filing period"). Accordingly, to the extent this Court determines that any portion of the EEOC's class-wide claims survive Defendants' Motion to Dismiss, Defendants

respectfully request that the Magistrate Judge's recommendations related to the application of the continuing violation doctrine should be rejected, and any class-based claims should be limited to the period beginning October 27, 2018.

## II.     The Report and Recommendation Erroneously Fails to Dismiss Defendant GFL Environmental, Inc. From The Action.

Without addressing Defendants' arguments that the EEOC's conclusory allegations and its allegations plead "upon information and belief" fail to plead the integrated enterprise theory on which the EEOC relies, the Magistrate Judge's Report and Recommendation concludes that the EEOC alleged facts that, *if true*, are sufficient to establish that all four Defendants are joint employers. (Dkt. 28, p. 6–8). As an initial matter, Defendants respectfully disagree with that conclusion and suggest that it is clearly erroneous because the Eleventh Circuit and this Court have consistently held allegations based "upon information and belief" should not be taken as true and do not support the integrated enterprise theory. *Mann v. Palmer*, 713 F.3d 1306, 1315 (11th Cir. 2013) ("[W]e do not have to take as true [plaintiff's] allegations based 'upon information and belief . . . .'"); *Wright v. Santander Consumer USA, Inc.*, 2019 WL 5549278, at *3 (N.D. Ga. July 30, 2019) ("[F]or purposes of a Rule 12(b)(6) motion to dismiss, [the Court does] not have to take as true allegations based merely 'upon information and belief.'") (citations omitted); *Howard v. MHT USA LLC*, 2022 WL 2389277, at *7 (N.D. Ga. May 2, 2022)

11

(allegations made "upon information and belief" could not support integrated enterprise theory).

However, even if conclusory allegations and allegations based "upon information and belief" could support the integrated enterprise theory (which they cannot), the Report and Recommendation entirely fails to address Defendants' argument that an independent basis exists to dismiss Defendant GFL because it was never named in any pre-suit EEOC proceedings or correspondence. (*See* Exhibit A, Ms. Ladd's Charge; Exhibit B, Notice of Expansion; Exhibit C, EEOC's Determination; *see also* Dkt. No. 16-1, pp. 6, 25).[1] As this Court has recognized, "[t]ypically, a plaintiff's failure to name a defendant in an EEOC charge bars the plaintiff from suing that defendant in federal court." *Abbott v. Caterpillar, Inc.*, 2007 WL 9701725, at *2 (N.D. Ga. March 9, 2007). While courts may apply an exception to this naming requirement, it is only in select circumstances where the purposes of this rule have still been satisfied. *Id.* To determine whether the naming requirement has been satisfied, this Court looks to five factors:

> (1) the similarity of interest between the named party and the unnamed party; (2) whether the plaintiff could have ascertained the identity of

---

[1] It is appropriate for the Court to consider Ms. Ladd's Charge, the EEOC's Notice of Expansion of the Investigation, and the EEOC's determination because they are essential to the EEOC's claims and their authenticity is without question. *Willis v. Sachs*, 604 F. App'x 921, 921 (11th Cir. 2015) ("[a] court is permitted to consider documents extraneous to the pleadings without converting a motion to dismiss into a motion for summary judgment if (1) they are central to the claim and (2) their authenticity is not challenged.").

the unnamed party at the time the EEOC charge was filed; (3) whether the unnamed parties received adequate notice of the charges; (4) whether the unnamed parties had an adequate opportunity to participate in the reconciliation process; and (5) whether the unnamed party actually was prejudiced by its exclusion from the EEOC proceedings.

*Id.* citing *Virgo v. Riviera Beach Assocs., Ltd.*, 30 F.3d 1350, 1359 (11th Cir. 1994).

Here, like in *Abbott*, none of these five factors are satisfied with respect to Defendant GFL. First, it is undisputed that GFL was not named in any pre-suit EEOC proceedings or correspondence. Second, the EEOC has not provided any explanation as to why it was able to later identify TransWaste and WI Atlanta in pre-suit proceedings, but not GFL. Finally, there is nothing to show GFL received any notice of the pre-suit proceedings or had any opportunity to participate in the reconciliation process. As this Court has made clear, "notice cannot be attributed to [a] defendant based on the fact that [the entity named in the EEOC charge] is its wholly owned subsidiary and the two corporations share some managerial and human resources staff." *Id.* at *3 citing *Evans v. Meadow Steel Prods., Inc.*, 579 F. Supp. 1391, 1393 (N.D. Ga. 1984) (dismissing unnamed parent company from Title VII action where the parent's receipt of the notice of the EEOC charge and its participation in conciliation proceedings was only in a representative capacity on behalf of its subsidiary); *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir. 1989) (dismissing unnamed parent company from action where parent shared corporate offices, corporate counsel, and managerial staff with subsidiary, because

13

it did not have notice of any charges against it or a chance to conciliate on its own behalf); *see also EEOC v. Eberspaecher North America, Inc.*, 67 F.4th 1124, 1135–36 (11th Cir. 2023) (prohibiting the EEOC from expanding the scope of its requests for information to facilities other than the one named in its original charge because the EEOC did not provide notice of its investigation into the defendant's facilities nationwide) (citing *EEOC v. Royal Caribbean Cruises, Ltd.*, 771 F.3d 757 (11th Cir. 2014)). Accordingly, even if this Court determines that the EEOC has alleged facts sufficient to support their joint employer allegations with respect to Defendants WI USA and TransWaste (which Defendants contend it has not), Defendant GFL must be dismissed because it did not have notice of any charges against it.

## **CONCLUSION**

Defendants respectfully request that this Court reject the Magistrate Judge's Report and Recommendation and grant Defendants' Motion to Dismiss in its entirety. However, in the event that the Court elects to adopt certain portions of the Report and Recommendation, Defendants respectfully request for the foregoing reasons that the Court decline to adopt those portions of the Report and Recommendation that: (1) apply the continuing violation doctrine to the applicable statute of limitations and permit the EEOC to pursue claims earlier than October 27, 2018; and (2) recommend the dismissal of Defendant GFL despite the fact that it was not named in any pre-suit EEOC proceedings or correspondence.

Respectfully submitted this 11th day of June 2024.

/s/ Richard W. Black

Richard W. Black, GA Bar No. 355846
rblack@littler.com
Pierre-Joseph Noebes, GA Bar No. 537216
pnoebes@littler.com
LITTLER MENDELSON, P.C.
3424 Peachtree Road N.E., Suite 1200
Atlanta, GA  30326.1127
Telephone: 404.233.0330
Facsimile:  404.233.2361

Barry A. Hartstein, *pro hac vice*
bhartstein@littler.com
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL  60654
Telephone: 312.372.5520
Facsimile:  312.372.7880

Attorneys for Defendants

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D, the undersigned hereby certifies that this pleading complies with the font requirements of Local Rule 5.1C because this document has been prepared in Times New Roman, 14-point type.

*/s/ Richard W. Black*
Richard W. Black
Georgia Bar No. 355846
Attorney for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify on this 11th day of June, 2024, the foregoing was filed electronically through the ECF system, is available for viewing and downloading from the ECF system and will be sent electronically to the registered participants identified on the Notice of Electronic Filings, including Plaintiff's counsel of record as follows:

Veronica R. Cox
veronica.rogusky.cox@eeoc.gov
Meeta Dama
meeta.dama@eeoc.gov
Adam T. Mills
adam.mills@eeoc.gov
U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, GA 30303

*/s/ Richard W. Black*
Richard W. Black, Bar No. 355846
Attorney for Defendants