# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**

**Plaintiff,**

**v.**

**WASTE INDUSTRIES U.S.A., LLC, TRANSWASTE SERVICES, LLC, WASTE INDUSTRIES ATLANTA, LLC, and GFL ENVIRONMENTAL, INC.,**

**Defendants.**

**CIVIL ACTION NO.**

**1:23-cv-04293-JPB-JEM**

**JURY TRIAL DEMAND**

## CONSENT DECREE

The Equal Employment Opportunity Commission ("EEOC" or "Commission") instituted this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and the Civil Rights Act of 1991, 42 U.S.C. § 1981(a). The Commission's Amended Complaint alleged that Waste Industries U.S.A., LLC, Transwaste Services, LLC, Waste Industries Atlanta, LLC, and GFL Environmental, Inc. (collectively, "Defendants"), engaged in unlawful employment practices, in violation of Title VII, by subjecting Charging Party Christine Ladd ("Ladd") and a class of female job applicants to a pattern or practice of sex discrimination when they denied them employment opportunities

for truck driver positions at Defendants' branch locations in Georgia in the cities of Albany, Americus, Augusta, Cedartown, Conyers, Douglas, Douglasville, Fairburn, Stockbridge, Thomaston, and Warner Robins (collectively "Georgia locations") from January 1, 2016 to the present.

Defendants, their officers, agents, and successors deny any liability or that Ladd or any alleged class members suffered any damages.

The Parties engaged in good faith negotiations and consent to entry of this Consent Decree (also referred to herein as "Decree") by the Court to resolve the allegations in the Amended Complaint without the burden, expense, and delay of further litigation.

The Parties stipulate that the terms of this Decree are fair, reasonable, adequate, and serve the public interest.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the Parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of this Consent Decree; (3) no party shall contest the jurisdiction of this Court to enforce this Consent Decree and its terms or the right of the Commission to bring an enforcement suit upon alleged breach of any term(s) of this Consent Decree; (4) the terms of this Consent Decree are and shall be binding upon the present and future representatives, directors, officers, and successors of

Defendants; (5) this Consent Decree does not constitute a finding on the merits of this action; and (6) this Consent Decree is the final and complete agreement between the Parties, resolving all matters in controversy in this action.

After examining the terms of this Decree, and based on the record as a whole, it is therefore ORDERED AND DECREED as follows:

## I. <u>SCOPE AND DURATION OF THE DECREE</u>

1.      This Decree resolves all claims for both monetary and non-monetary relief on the basis that Defendants failed to hire female job applicants for residential driver, roll-off driver, and/or front load FEL driver positions ("Truck Driver Positions") at the Georgia locations from January 1, 2016 to the date this Decree is approved by the Court (the "Effective Date").

2.      This Decree constitutes full discharge and satisfaction of any claims against Defendants that were alleged in the Amended Complaint filed in this action by the EEOC.

3.      This Decree does not affect or limit the EEOC's authority to process or litigate any other matter including but not limited to any other EEOC charge filed against any of the Defendants.

4.      The term of this Decree shall be three and one-half (3.5) years from the Effective Date.  During that time, this Court shall retain jurisdiction over the Parties

for purposes of compliance with this Decree, including issuing such orders as may be required to effectuate its purposes.

## II.  <u>COMPLIANCE WITH TITLE VII</u>

5.    Defendants are enjoined from discriminating against any qualified female applicants who apply for Truck Driver Positions at Defendants' Georgia locations by refusing to hire them, because of their sex.

## III.  <u>MONETARY RELIEF</u>

6.    Defendants shall pay the gross sum of Three Million One Hundred Thousand Dollars ($3,100,000.000) ("Settlement Fund") to Charging Party Ladd and those individuals who are identified and deemed solely by the Commission to be eligible to receive settlement funds (the "Eligible Claimants").

7.    The amounts distributed to Eligible Claimants shall be determined by the EEOC in its sole discretion.  Defendants will not participate or have a role in determining eligibility for monetary payments or the amounts of awards to Eligible Claimants.

8.    All employer's share of applicable payroll taxes (e.g., FICA and FUTA) shall be paid for by Defendants. Defendants may not deduct the employer's share of any applicable payroll taxes from the amounts distributed to the Eligible Claimants or from the Settlement Fund.

9.    If there are any additional unallocated funds remaining after distribution to all Eligible Claimants, the remainder of the unallocated funds shall be distributed as a donation by Defendants, as determined by Defendants, to one or more public or not-for-profit organizations that are primarily devoted to education and/or training of females for driver or other positions in the waste disposal industry, including but not limited to educational institutions, and/or educational scholarships and/or internships for females, and/or promoting females developing a career in the waste industry.

Defendants shall propose to the EEOC organization(s) to whom the proposed amount(s) in which the remaining balance of the Settlement Fund will be paid no later than sixty (60) calendar days prior to the expiration of this Decree, and the EEOC shall not unreasonably withhold approval of such proposed organization(s). In no event shall there be any reversion of any part of the Settlement Fund to Defendants or to the EEOC.

10.    The EEOC shall have two (2) years from the Effective Date within which payments may be made to Eligible Claimants from the Settlement Fund.

11.    Defendants shall make applicable tax or other withholdings from the portion of any award designated as backpay. Defendants shall prepare and issue an IRS Form W-2 to each Eligible Claimant receiving a backpay payment, and an IRS Form 1099 to each Eligible Claimant receiving a compensatory damages payment.

Defendants may not deduct the employer's share of any applicable payroll taxes from the amounts distributed to Eligible Claimants or from the Settlement Fund.

12.    Neither the EEOC nor the Defendants make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs Charging Party Ladd or the Eligible Claimants may or may not incur on such payments under local, state and/or federal law.

13.    The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employers' taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

    a)  Within ten (10) business days of the signing of this Decree, Defendants agree to provide to the EEOC (1) the Employers' EIN and (2) the individual(s) and physical address(es) to whom the EEOC should mail a copy of the Form 1098-F, if the EEOC is required to issue one. The identified individual(s) must be employee(s) of Defendants.

    b)  The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

    c)  The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

    d)  Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

e) The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

## IV. CLAIMS PROCESS

14. **Payment to Charging Party Ladd.**  Defendants shall pay to Charging Party Ladd an amount to be determined solely and exclusively by the EEOC from the Settlement Fund. Payment(s) to Ladd shall be made within thirty (30) business days of: (1) the EEOC's receipt of signed, properly completed and returned Release and tax reporting forms from Ladd; (2) notice by the EEOC to the Defendants of that receipt and the amounts to be paid to Ladd; and (3) delivery by the EEOC to the Defendants of the signed, properly completed and returned Release and tax reporting forms from Ladd.

15. **Payments to Eligible Claimants.** The EEOC shall identify the specific Eligible Claimants who shall receive a payment from the Settlement Fund and the amount to be received by each Eligible Claimant, and the payments shall be made in accordance with the procedures set forth in Paragraphs 14 to 28 of this Consent Decree.

16. **List of Potential Class Members.** Within forty-five (45) calendar days of the Effective Date, Defendants shall exercise good faith in providing the EEOC with an Excel list of all Potential Class Members that includes the following

information, if known and available, for each Potential Class Member: (1) complete name, including any former names or aliases of which the Defendants are aware; (2) date of application(s); (3) location(s) of application; (4) last known home address (i.e., street address, city, state and zip code); (5) telephone number; and (6) e-mail address. For purposes of this Consent Decree, "Potential Class Members," as defined below, shall be distinguished from "Eligible Claimants," who are the individuals who will receive a payment from the Settlement Fund, assuming they comply with the terms for payment and timely submit a fully completed Claimant Questionnaire as further described below. "Potential Class Members" shall be defined as applicants who: (1) self-identified as female; (2) applied for employment in a Truck Driver Position at one or more of the Georgia locations between January 1, 2016 and the Effective Date of this Consent Decree (the "Applicable Time Period"); and (3) were not subsequently hired by the Defendants within a twelve (12) month period of their last application, but excludes any such persons who declined an offer of employment with Defendants.

17.    **Updated Address List of Known Potential Class Members.** Based on the above referenced information received from the Defendants regarding "Potential Class Members", and information retained by the EEOC regarding "Eligible Claimants", within ninety (90) calendar days of the Effective date, the EEOC shall prepare an Excel list of "Potential Class Members", that shall include

the name, address, telephone number, date of application(s) and available email addresses.

18.    **Notice to Potential Class Members.**  Within one hundred and twenty (120) calendar days after the Effective Date, the EEOC shall send out a Notice, substantially in the form attached hereto as **Exhibit A,** to all Potential Class Members, which shall request all such individuals to complete and return the accompanying "Claimant Questionnaire," substantially in the form attached hereto as **Exhibit B,** within sixty (60) calendar days of the date of the Notice (i.e., no later than two-hundred and eighty (180) calendar days after the Effective Date) and confirm that they applied for a Truck Driver Position at one or more of the Georgia locations during the Applicable Time Period. Such self-identification shall be made by such individuals completing and returning the Claimant Questionnaire in a self-addressed return envelope (included as part of Exhibit A and Exhibit B) to the EEOC, which includes such self-identification and confirmation of the Potential Class Member's name, address, telephone number and e-mail address (if available).

19.    **List of Eligible Claimants.** Based on responses to the self-identification notice (**Exhibit A and Exhibit B**), the EEOC shall update the Excel list in order to develop a final proposed list of Eligible Claimants within two hundred and ten (210) calendar days of the Effective Date, which shall be provided to Defendants.

20.    **Determination of Claims**. The EEOC shall make determinations of the amount to be paid to each Eligible Claimant ("Determination of Claims"), and Defendants shall be notified of the amount to be paid to each Eligible Claimant as set forth in Paragraphs 14 and 23. The determination as to the amount received by any Eligible Claimant is within the sole discretion of the EEOC.

21.    **Notification of Award.**  Within ten (10) calendar days of finalizing the list of Eligible Claimants (two hundred and twenty (220) calendar days from the Effective Date), the EEOC shall notify each Eligible Claimant via U.S. First Class Mail of the amount of her potential monetary payment, as determined by the EEOC, based on a Notification of Award letter substantially in the form attached hereto as **Exhibit C.**

22.    **Release of Claims**. Along with the Notification of Award letter, the EEOC shall mail to each Eligible Claimant a Release, a copy of which is attached hereto as **Exhibit D**, and all applicable tax reporting forms.  Each Eligible Claimant will be notified that, to receive monetary payments under this Decree, she must complete, sign and deliver to the EEOC the Release and the applicable tax reporting form(s) within sixty (60) calendar days of the date of the Notification of Award (**Exhibit C**) (two hundred and eighty (280) calendar days from the Effective Date) and obligate the Eligible Claimant to notify the EEOC of any future changes of address for payment.  Any potential Eligible Claimant whose executed Release and

10

completed tax reporting form(s) are not received by the EEOC within two (2) years of the Effective Date shall be ineligible for and forever barred from receiving any relief under this Decree, except that the EEOC shall engage in outreach with any Eligible Claimant who timely responded, but returned a deficient release and/or tax reporting form(s) and provide additional time to properly complete and return such forms. Any further exception to the untimely receipt of the release and/or any required tax reporting form(s) must be mutually agreed upon by the EEOC and Defendants.

23.    **Payment to Eligible Claimants.** Payment(s) to each Eligible Claimant shall be made within fifteen (15) business days of: (1) the EEOC's receipt of a signed, properly completed and returned Release and tax reporting forms from the Eligible Claimant; (2) notice by the EEOC to the Defendants of that receipt and the amounts to be paid to the Eligible Claimant; and (3) delivery by the EEOC to the Defendants of the signed, properly completed and returned Release and tax reporting forms from the Eligible Claimant. Defendants shall issue payment to that Eligible Claimant by U.S. Certified Mail.  Each Eligible Claimant will receive two payments. One payment will be attributed to alleged back pay (fifty percent (50%) of the recipient's total), which will be reduced by applicable federal, state and local income tax or other withholdings, and for which an IRS Form W-2 shall be issued to the recipient by Defendants. The second payment will be attributed to alleged

11

compensatory damages under the Civil Rights Act of 1991, 42 U.S.C. § 1981a (fifty percent (50%) of the recipient's total), will not be reduced by any income tax withholding, and for which an IRS Form 1099 to be issued to the recipient by Defendants. To the extent that any payment is returned as undeliverable, Defendants shall notify the EEOC, and the EEOC shall again make reasonable efforts to obtain an updated address, as previously described herein. Any check that is not cashed within six (6) months of issuance shall be voided. Defendants shall submit proof of payment(s) to each Eligible Claimant to the EEOC within ten (10) business days of the payment(s). Late payments issued by Defendants more than thirty (30) calendar days after the issuance deadline set forth in Paragraphs 14 and 23 of this Decree shall be subject to the accrual of interest as outlined in 28 U.S.C. § 1961.

24. **Returned Notification of Award.** If envelopes from the mailing of the Notification of Award are returned with forwarding addresses, the EEOC will re-mail the Notification of Award to the new address within three (3) business days. If no forwarding address has been provided, the EEOC may attempt to obtain updated address information. If the EEOC obtains new addresses, the EEOC will re-mail Claim Packages within five (5) business days of receipt of the new address. If a postal address is not available but an email address is available, the EEOC may use email as a substitute.

25.    **Late Claims**. For claims received after the two (2) year deadline, the EEOC shall notify the late-filing individuals that their claims are untimely and that they are not eligible for any monetary award.

26.    **Returned or Uncashed Checks**. Defendants shall promptly notify the EEOC in writing of any checks that are returned or are not cashed after a period of ninety (90) calendar days has elapsed from the date on which the settlement checks were mailed. In the event that any Eligible Claimant's check is undeliverable or uncashed, and the EEOC determines that the Eligible Claimant cannot be located (hereafter referred to as a "missing Eligible Claimant"), the missing Eligible Claimant shall receive no payments under the Decree. In the event that any portion of the Settlement Fund has been allocated to a missing Eligible Claimant, and therefore cannot be distributed to the claimant, six (6) months after the checks were originally mailed, in the discretion of the EEOC, the balance of the check shall become part of the unallocated balance and shall be distributed per the terms of Paragraph 9 of this Decree.

27.    **Claims of Deceased Persons**. Monetary payments will be made on behalf of deceased Eligible Claimants through representatives of their estate or next of kin if the EEOC determines that appropriate documentation (e.g., letters testamentary or the equivalent) has been provided. Any sums paid to a deceased Eligible Claimant shall be made payable to the estate of the deceased claimant, or if

no estate exists, to the decedent's next of kin, assuming all legal requirements are met prior to such payment.

28.    Defendants reserve the right to retain a third-party vendor in their sole discretion to assist them in carrying out and meeting the settlement payment and tax-reporting obligations set forth in Paragraphs 11, 14, 23, and 26 of this Consent Decree.

## V.    DEVELOPMENT OF HIRING POLICY

29.    Within sixty (60) calendar days of the Effective Date, Defendants shall develop and implement a written policy and/or modify an existing policy (the "Policy") to include at a minimum:

A.    A statement that Defendants are Equal Opportunity Employers and do not condone sex discrimination in hiring or employment;

B.    A statement that Defendants expressly prohibit all forms of discrimination and retaliation prohibited by Title VII, and that such prohibition applies to applicants for employment, and inform employees that they have a right to make complaints or reports of unlawful employment discrimination to Defendants and to the Commission;

C.    A statement that Defendants will not retaliate against employees who make claims of sex discrimination or provide information related to such claims;

D.    A statement that Defendants will take immediate and appropriate corrective action if it learns that female applicants or female employees are being treated unfairly or not given equal employment opportunities as compared to male applicants or male employees; and

E.    A clear description of the procedure employees should use to make complaints or reports of sex discrimination, including providing the web address for the internet based reporting platform, and the department with whom employees should file complaints or reports of discrimination or retaliation, telephone number, and mailing address.

30.    Defendants must distribute the Policy to each of its employees at their Georgia locations within ninety (90) calendar days of the Effective Date.

31.    For the term of the Decree, Defendants must publish the Policy each year and post a copy of the Policy in a visible area at the Georgia locations and must require each new employee, at the commencement of their employment, at the Georgia locations to acknowledge that she or he has received and agrees to comply with the Policy. If Defendants cease to use a physical posting, Defendants will ensure

that they provide the notice to its employees wherever Defendants provide notification to its employees at the Georgia locations during this Decree.

32.     Defendants will send the EEOC a copy of the Policy within ninety (90) calendar days of the Effective Date.

### VI.        RECRUITMENT AND OUTREACH PLAN

33.     Within ninety (90) calendar days of the Effective Date, Defendants shall review and revise their recruitment and outreach efforts to increase gender diversity in Truck Driver Positions at the Georgia locations. Within sixty (60) calendar days of its finalization (one hundred fifty (150) calendar days from the Effective Date), Defendants shall provide a copy of the plan to the EEOC. Defendants' outreach efforts, at a minimum, will contain the following elements:

A.     Job applicants are asked to voluntarily provide EEO data, including sex information, upon applying for Truck Driver Positions;

B.     Job descriptions for Truck Driver Positions, to state minimum qualifications for each position, and the knowledge, skills and abilities requirements;

C.     Posting job openings for Truck Driver Positions with women's professional associations and organizations that promote women's employment in the trucking industry, and other efforts to advertise open

Truck Driver Positions to increase gender diversity among qualified applicants;

D.    Training for interviewing applicants to assess their qualifications and skills for the position and to select the best qualified applicants for Truck Driver Positions;

E.    Recruitment material features photographs of and testimonials from employees, including women truck drivers; and

F.    Policies and procedures for maintaining applications and applicant flow data.

## VII.    <u>TRAINING</u>

34.    Defendants shall provide an annual mandatory training ("Training") program, either in person or by video conference, to all management, supervisors, and Human Resources personnel, who are involved in interviewing, hiring and/or have decision making authority about hiring applicants for Truck Driver Positions at the Georgia locations. Newly-hired or promoted employees into such positions will also receive the Training within ninety (90) calendar days of taking the position. The Training may be recorded for those unable to attend the session and/or new employees who are hired by Defendants who have similar job responsibilities.

35.    The Training shall include an explanation of the requirements of Title VII, including its provisions against discrimination on the basis of sex; Defendants'

statutory obligations under Title VII in general, and in particular, their obligation not to discriminate on the basis of gender in employment decisions concerning the hiring and continuing employment of current employees; and objective, non-discriminatory decision-making and proper procedures for hiring decisions.

36.    The Training shall be completed within ninety (90) calendar days of the Effective Date. Each subsequent training program shall be conducted at approximately one-year intervals.

37.    At least thirty (30) calendar days prior to each annual program, Defendants shall submit to the Commission an agenda for the Training by electronic mail sent to EEOC-ATDO-decree-monitoring@eeoc.gov.

38.    The Training shall be presented by a human resources consultant, attorney, or third-party vendor, to whom EEOC agrees, who has specialized knowledge of employment discrimination and experience in labor and employment law and is otherwise an appropriate choice for the Training at issue.

39.    Within ten (10) business days after completion of each annual Training, Defendants shall certify to the Commission that the training occurred and shall provide the Commission with a roster of all employees in attendance.

## VIII.  <u>NON-DISCRIMINATION POLICY</u>

40. Defendants shall maintain their existing policy (referred to as the policy or anti-discrimination policy), sufficient to ensure that Defendants provide equal employment opportunities to all applicants and employees without regard to sex.

41.  Defendants shall maintain its anti-discrimination policy consistent with the terms of this Consent Decree throughout the term of this Consent Decree. Defendants must require each new employee, at the commencement of their employment, at the Georgia locations to acknowledge that she or he has received and agrees to comply with the policy. Defendants shall also make reasonable efforts to make the policy available in alternative formats as necessary for persons with literacy or language barriers that may prevent them from reading the policies.

## IX.    <u>POSTING OF NOTICE</u>

42.    Beginning within ten (10) business days after the Effective Date, and continuing throughout the term of this Consent Decree, Defendants shall conspicuously post the attached Employee Notice, marked **Exhibit E**, hereby made a part of this Consent Decree, in a place where it is visible to employees working in its Georgia locations and where notices are commonly posted.

43.    If the Notice becomes defaced or unreadable, Defendants shall replace it by immediately posting another copy of the Notice. Within fifteen (15) business

days after the Effective Date, Defendants shall notify the Commission that the Notice has been posted pursuant to this provision.

## X.    <u>REPORTING</u>

44.    Defendants shall provide the Commission with reports at six (6) month intervals, with the first being due six (6) months after the Effective Date, and the final report being due thirty (30) calendar days before the Decree is set to expire. The reports will include the following information regarding the Truck Driver Positions at Defendants' Georgia locations:

a) Identifying information for each applicant offered an externally advertised open Truck Driver Position at a Georgia location during the reporting period, including name, sex, job title and locations of the position(s) offered, the dates the positions were offered, and whether the offers were accepted or rejected.

b) Identifying information for each applicant who self-identifies as female and was considered but not hired for an externally advertised open Truck Driver Position at a Georgia location during the reporting period, including name, job title, locations of the position(s) the applicant was considered for, and the reason the applicant was not hired.

c) The number of male applicants, the number of female applicants, and the number of applicants who did not self-identify their sex for externally advertised open Truck Driver Positions at each Georgia location during the reporting period. For ease of verification, Defendants shall segregate the applications of qualified applicants from those of unqualified applicants.

45.    Defendants shall comply fully with the Commission's Recordkeeping Regulations, 29 C.F.R. §1602.14 ("Regulations").  Defendants shall retain for the

term of this Decree or as required by the Regulations, whichever is longer, all applications and other documents related to the selection of employees for hiring into a Truck Driver Position at the Georgia locations, and the reports referenced in this Decree.

46.    Defendants shall maintain for the term of this Decree or as required by the Regulations, whichever is longer, a copy of the employment applications for each person hired for a Truck Driver Position at the Georgia locations, and a copy of each job offer for a Truck Driver Position at the Georgia locations made but rejected by qualified female applicants.

47.    Defendants shall make, keep, and preserve all records reflecting or containing the following records in hard copy (to the extent that such records are prepared in such manner) or in electronic form (to the extent that such records are prepared and retained in such manner) for Truck Driver Positions at the Georgia locations: (a) all applications; (b) any written records that were considered in the hiring or rejection of an applicant; (c) all applicant self-identification forms or other information reflecting sex identifications; (d) the names and sex identifications of all persons hired, the positions for which they were hired, the locations where they worked (including employee identification numbers), the date/s they were hired, and data showing their pay rates.

48.    Defendants shall make, keep, and preserve the following records in electronic form for each person who sought or was considered for a Truck Driver Position at the Georgia locations (either directly or through a third party), at any time during the term of this Decree: (a) a list (in comma delimited or other Excel-compatible format) of the full names (first name, middle name, and last name) of each such person; (b) sex-identification information for each such person to the extent that such person self-identified; (c) social security number (if provided or available), last known address, last known e-mail address (if provided or available), and last known telephone number/s for each such person (if provided or available); (d) application date/s; (e) the job posting number or other unique identifier and information that identifies the location; and (f) date of job offer and positions, and whether a job offer was accepted or rejected.

49.    Defendants shall maintain records of any complaints of sex discrimination or retaliation concerning hiring for Truck Driver Positions at the Georgia locations to their Human Resources Department, their Whistleblower Hotline, if applicable, Employee Relations Hotline, if applicable, or any member of executive management. These records shall include the following: (a) the name of the person making the complaint (if not anonymous); (b) the date of the complaint; (c) a description of the allegations made, if made verbally and/or a copy of the

complaint, if made in written form; and (d) a summary of the findings or outcome of the complaint.

50.    All reports and certifications required by this Decree shall be sent (1) if by electronic mail to: EEOC-ATDO-decree-monitoring@eeoc.gov; or (2) if by regular U.S. mail to:

> Marcus G. Keegan, Regional Attorney
> Equal Employment Opportunity Commission
> Sam Nunn Atlanta Federal Center
> 100 Alabama Street, SW
> Suite 4R30
> Atlanta, Georgia 30303

51.    All notices to Defendants by the Commission pursuant to this Consent Decree shall be sent by electronic mail to Richard W. Black (rblack@littler.com) and Barry Hartstein (bhartstein@littler.com) of Littler Mendelson, P.C. (Defendants' point of contact).  If at any time during the term of this Consent Decree Defendants' designated point of contact changes, Defendants shall notify the Commission and provide contact information for a new designated point of contact within five (5) business days of the change.

## XI.    <u>MONITORING COMPLIANCE</u>

52.    The Commission may monitor Defendants' compliance with the terms of this Decree by: (a) requesting and examining documents or other records required to be made or kept by this Decree; and (b) interviewing Defendants' managers of employees in Truck Driver Positions  at the Georgia locations on at

least twenty-one (21) calendar days' notice and at a date and time mutually agreeable to the EEOC and Defendants, and with Defendants' counsel present, about the requirements of and compliance with this Decree.

## XII.   DISPUTE RESOLUTION

53.     If at any time during the term of this Consent Decree, the Commission believes that Defendants have failed to comply with any provision(s) of this Consent Decree, the Commission shall notify Defendants of the alleged non-compliance in writing (either via letter or e-mail) and shall afford Defendants thirty (30) business days to remedy non-compliance or to satisfy to the Commission that the Defendants have complied, unless otherwise agreed through counsel. In the event that the dispute has not been resolved between the parties within sixty (60) business days, either party may seek the assistance of the Court in resolving the dispute.

## XIII.   MISCELLANEOUS PROVISIONS

54.     This Court shall retain jurisdiction of this case for purposes of monitoring compliance with this Decree, resolving any disputes between the parties and/or based on the terms of this Decree, and entry of such further orders as may be necessary or appropriate.

55.    Each party shall bear its own expenses, costs, and attorney's fees.

APPROVED this 21st day of October, 2024.

_____
**J. P. BOULEE**
United States District Judge

The Parties jointly request that the Court approve and enter the Consent Decree:

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>*/s/Veronica R. Cox*<br>MARCUS G. KEEGAN<br>Regional Attorney<br><br>LAKISHA DUCKETT ZIMBABWE<br>Assistant Regional Attorney<br><br>Veronica R. Cox<br>Trial Attorney<br>Georgia Bar No. 712154<br>Veronica.rogusky.cox@eeoc.gov<br>U.S. Equal Employment Opportunity Commission<br>Atlanta District Office<br>100 Alabama St. SW, Suite 4R30<br>Telephone: (470) 531-4837<br>Facsimile: (404) 562-6905 | WASTE INDUSTRIES U.S.A., LLC; TRANSWATES SERVICES, LLC; WASTE INDUSTRIES ATLANTA, LLC; AND GFL ENVIRONMENTAL, INC.<br><br>*/s/ Richard W. Black*<br>Richard W. Black<br>GA Bar No. 355846<br>rblack@littler.com<br>Pierre-Joseph Noebes<br>GA Bar No. 537216<br>pnoebes@litter.com<br><br>LITTLER MENDELSON, P.C.<br>3424 Peachtree Road N.E., Suite 1200<br>Atlanta, GA 30326.1127<br>Telephone: 404.233.0330<br>Facsimile:  404.233.2361 |

| Adam T. Mills | Barry A. Hartstein, *pro hac vice* |
| Trial Attorney | bhartstein@littler.com |
| Georgia Bar No. 123930 | |
| Adam.mills@eeoc.gov | LITTLER MENDELSON, P.C. |
| U.S. Equal Employment Opportunity Commission | 321 North Clark Street, Suite 1100 |
| Atlanta District Office | Chicago, IL 60654 |
| 100 Alabama St. SW, Suite 4R30 | Telephone:  312.372.5520 |
| Telephone: (470) 531-4807 | Facsimile:   312.372.7880 |
| Facsimile: (404) 562-6905 | |
| | *Attorneys for Defendants* |
| *Counsel for Plaintiff* | |

**EXHIBIT A**

**[EEOC Letterhead]**


_____, 2024


Dear Ms. (Last Name):

      We are contacting you regarding the recent resolution of a lawsuit between the EEOC and Waste Industries and related entities ("Waste Industries" or "Company") styled *EEOC v. Waste Industries U.S.A., LLC, et al*., Civil Action No. 1:23-cv-04293-JPB-JEM (N.D. Georgia). In that case, the EEOC alleged that defendant Waste Industries, and others, engaged in a pattern or practice of discriminating against female applicants for truck driver positions in Georgia. While there has not been any court finding that Waste Industries or any related entity or defendant engaged in any unlawful conduct, an agreement has been reached for you to be considered for inclusion as part of a class of applicants that is eligible for a payment based on your prior application for employment at Waste Industries. Any final determination will be made by the EEOC.

      Please complete and return the attached questionnaire in the self-addressed envelope by _____, _____ [**Insert 60 calendar days from date of letter**]. Please keep a copy of your form for your records. Upon receipt of your completed form, you may be contacted for additional information.

      If you have any questions regarding this matter, please direct your questions to *[insert applicable telephone number for EEOC Representative]* or via email at: [insert applicable email address for EEOC Representative].

                         Sincerely,

**EXHIBIT B**

**CLAIMANT QUESTIONNAIRE**

Telephone numbers and email address:

Home:
Hours:_____

Cell: _____
Hours:_____

E-mail
address:_____

Name and Address:

_____

_____

_____

Please respond to the following:

1.     Did you apply for a truck driver position (i.e., residential driver, roll-off driver and/or front load FEL driver) at a Georgia location with Waste Industries USA, LLC, Transwaste Services, LLC, Waste Industries Atlanta, LLC *d/b/a* GFL Environmental (collectively referred to below as "Waste Industries") between January 1, 2016 and _____, 2024?

_____ Yes _____ No

2.     Do you self-identify as a female? ___Yes _____No

3.     If yes to questions 1 and 2 above, please indicate:
   ● At what Waste Industries location(s) did you apply?_____
   ● On approximately what date(s) did you apply?_____
   ● Were you interviewed for a position?_____

- What position(s)?_____
- Were you offered a job? __Yes ___No

4.    Were you hired by Waste Industries or one of the other related companies, referenced above? _____

5.    If you answered yes to question 4 above, on what date were you hired? _____

I hereby declare, under penalty of perjury, that the foregoing information is true and correct to the best of my knowledge and recollection.

_____    Date: _____
(Signature)

# EXHIBIT C

## [EEOC LETTERHEAD]

## NOTICE OF AWARD

[Date]

Dear ----

You should have received a letter regarding a resolution in *EEOC v. Waste Industries U.S.A., LLC, et al*., Civil Action No. 1:23-cv-04293-JPB-JEM (N.D. Georgia) notifying you of your potential inclusion as a member of a class of female applicants entitled for relief based on your prior application for a Truck Driver Position at a Georgia location of Waste Industries. The letter is to inform you that you are an eligible class member and have been selected to receive payment based on your application for employment at Waste Industries. Although you are eligible to receive this payment, this payment does not constitute an admission of liability by Waste Industries or any other defendant in the lawsuit.

A condition for receipt of any payment requires the following:

**(1) SIGNING THE ENCLOSED TAX REPORTING FORMS**

**(2) SIGNING THE ENCLOSED RELEASE OF CLAIMS**

**(3) RETURNING THE TAX REPORTING FORMS AND RELEASE OF CLAIMS TO _____ AT _____.YOUR CLAIM FORMS MUST BE RECEIVED NO LATER THAN _____ [INSERT DATE 60 CALENDAR DAYS FROM THE DATE OF THIS LETTER].** Please keep a copy of your signed documents for your records. For your convenience, enclosed is a self-addressed return envelope with the necessary postage.

Any questions regarding the Release of Claims or tax reporting forms should be directed to [**insert name of EEOC Representative**] at [**insert telephone number**] or [insert email address]. In order to safeguard the privacy of this matter, you will be required to provide your name and contact information and other identifying information to the EEOC to confirm your identity as an eligible recipient.

Very truly yours,

[EEOC Representative]

Enclosure

## EXHIBIT D

## RELEASE OF CLAIM FORM

In consideration for and effective upon my receipt of the XX dollars and zero cents ($), less any applicable tax or other withholdings, paid to me in connection with the resolution of *EEOC v. Waste Industries U.S.A., LLC, et al.,* Civil Action No. 1:23-cv-04293-JPB-JEM (N.D. Georgia), I hereby waive and release my right to file any action or to recover for any claims of failure to hire for truck driver positions because of my sex, female, arising under Title VII of the 1964 Civil Rights Act, as amended by the Civil Rights Act of 1991 that I had or may have had against Waste Industries U.S.A. LLC, Transwaste Services, LLC, Waste Industries Atlanta, LLC and GFL Environmental, Inc. and any related entities, and their directors, officers, employees, agents, successors and assigns (herein collectively referred to as "Waste Industries" or "Company") prior to the date of this release and that were included in the violations alleged in the EEOC's Amended Complaint in *EEOC v. Waste Industries U.S.A., LLC, et al*., Civil Action No. 1:23-cv-04293-JPB-JEM (N.D. Georgia).

_____          _____

Signature

**EXHIBIT E**



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**EMPLOYEE NOTICE**

1.      This Notice is posted pursuant to a Consent Decree entered by the United States District Court for the Northern District of Georgia in the matter of *EEOC v. Waste Industries U.S.A., LLC, Transwaste Services, LLC, Waste Industries Atlanta, LLC and GFL Environmental, Inc., Civil Action No. 1:23-cv-04293-JPB,* a case where the EEOC alleged sex discrimination.

2.      Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older), disability, or genetic information. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the U.S. Equal Employment Opportunity Commission.

3.      Waste Industries Atlanta, LLC *d/b/a* GFL Environmental and the above-related entities support and will comply with federal law in all aspects and will not retaliate against any individual because they have exercised their rights under the law.

4.      An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. Waste Industries Atlanta, LLC *d/b/a* GFL Environmental and the above-related entities encourage employees to report any discriminatory conduct without fear of retaliation based on the Company's Equal Employment Opportunity Policy.

5.      An employee also may contact their local U.S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination.  To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

6.      This Notice will remain posted for at least forty-two (42) months by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2028.